IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MARK C. BUSACK,

        Petitioner,

v.                                         Civil Action No. 5:15CV151
                                             (Criminal Action No. 5:14CR54)
UNITED STATES OF AMERICA,                       (STAMP)

        Respondent.

**MEMORANDUM OPINION AND ORDER
ADOPTING AND AFFIRMING MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION,
DENYING PETITIONER'S § 2255 MOTION AND
OVERRULING PETITIONER'S OBJECTIONS**

The petitioner, Mark C. Busack ("Busack"), filed this pro se[1] motion under 28 U.S.C. § 2255 challenging the validity of his conviction and sentence. This matter was referred to United States Magistrate Judge James E. Seibert under Local Rule of Civil Procedure 72.01. The magistrate judge entered a report recommending that Busack's motion be denied. Busack then filed timely objections to the report and recommendation. For the following reasons, the magistrate judge's report and recommendation is adopted and affirmed, Busack's § 2255 motion is denied, and Busack's objections are overruled.

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

I. <u>Background</u>

Busack plead guilty to four counts of use of an unauthorized access device and one count of filing a false S Corporation income tax return. Busack's plea agreement included a full waiver of his right to seek appellate and post-conviction review of his conviction and sentence if the sentence was within the statutory maximum. This Court sentenced Busack to 35 months of imprisonment as to each count to be served concurrently, followed by three years of supervised release as to Counts One through Four and one year as to Count Five to be served concurrently. This Court also ordered Busack to pay restitution in the amount of $121,249.19, due immediately with minimum payments of $1,000.00 per month. Busack's plea agreement also included a provision in which Busack agreed to participate in the Inmate Financial Responsibility Program and to make restitution payments through that program while incarcerated.

Busack then filed this motion under § 2255 alleging six instances of ineffective assistance of counsel. Busack alleges his counsel was ineffective in failing to: (1) present evidence that Busack claims would have substantially altered the terms of the plea agreement and his sentence; (2) organize a coherent defense; (3) pursue discovery; (4) disclose to the Court an alleged conflict of interest between the United States Attorney and Busack; (5) properly prepare Busack for the sentencing hearing; and (6) provide effective representation at the post-sentencing restitution

hearing. Busack then filed two separate motions to reduce his sentence, alleging that his Total Offense Level under the United States Sentencing Guidelines ("the Guidelines") was miscalculated and that this Court failed to account for repayments he made to his victims in the course of his fraudulent scheme. This Court consolidated Busack's motions to reduce his sentence with his § 2255 motion. Magistrate Judge Seibert then entered a report recommending that Busack's motions be denied. Busack filed timely objections to the report and recommendation.

## II. Applicable Law

Because the petitioner filed timely objections to the report and recommendation, the magistrate judge's recommendation will be reviewed de novo as to those findings to which objections were made. 28 U.S.C. § 636(b)(1)(C). As to those findings to which objections were not filed, the findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

## III. Discussion

A. Waiver of Post-Conviction Review Rights

Magistrate Judge Seibert concluded that Grounds One through Four of Busack's § 2255 motion and his motions to reduce his sentence are barred under the waiver of appellate and post-conviction review rights contained in the plea agreement. However,

he concluded that Grounds Five and Six of Busack's § 2255 motion were not barred, but that they failed as a matter of law.

A defendant may waive his right to collaterally attack his conviction or sentence under § 2255, "so long as the waiver is knowing and voluntary." United States v. Lemaster, 403 F.3d 216 (4th Cir. 2006). Section 2255 waivers are generally "subject to the same conditions and exceptions applicable to waivers of the right to file a direct appeal," including claims of ineffective assistance of counsel. United States v. Cannady, 645 n.3 (4th Cir. 2002) (noting other circuits' holdings); see also United States v. Attar, 38 F.3d 727, 732 (4th Cir. 1994) (holding that a general waiver of appellate rights may not bar claims for ineffective assistance of counsel at sentencing). However, claims of ineffective assistance of counsel prior to sentencing are quintessential § 2255 claims. See United States v. King, 119 F.3d 290, 295 (4th Cir. 1997) ("It is well settled that a claim of ineffective assistance should be raised in a . . . § 2255 motion in the district court rather than on direct appeal, unless the record conclusively shows ineffective assistance."). Thus, if ineffective assistance claims were generally exempt from a § 2255 waiver, "such an exception would render all such waivers virtually meaningless." Braxton v. United States, 358 F. Supp. 2d 497, 503 (W.D. Va. 2005), aff'd, 214 F. App'x 271 (4th Cir. 2007) (per curiam) (affirming district court's denial of Braxton's motion to reconsider its

4

ruling on his § 2255 waiver). While the United States Court of Appeals for the Fourth Circuit has not considered the scope of § 2255 waivers in regard to ineffective assistance claims, all of the Courts of Appeals that have considered this issue agree that a general § 2255 waiver bars ineffective assistance of counsel claims unless the claims bear on the validity of the plea agreement or the § 2255 waiver itself. See Williams v. United States, 396 F.3d 1340, 1342 (11th Cir. 2005), cert. denied, 546 U.S. 902 (2005), reh'g denied, 546 U.S. 1133 (2006); United States v. White, 307 F.3d 336, 343-44 (5th Cir. 2002); United States v. Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001), cert. denied, 534 U.S. 1085 (2002); Davila v. United States, 258 F.3d 448, 451 (6th Cir. 2001); Garcia-Santos v. United States, 273 F.3d 506, 508-09 (2d Cir. 2001); Mason v. United States, 211 F.3d 1065, 1069-70 (7th Cir. 2000), cert. denied, 531 U.S. 1175 (2001); cf. Washington v. Lampert, 422 F.3d 864, 870-71 (9th Cir. 2005) (concluding that a petitioner serving a state imposed sentence was barred from asserting an ineffective assistance claim under a § 2254 waiver contained in his plea agreement). Accordingly, this Court adopts the consensus of the Courts of Appeals on this issue.

Busack's plea agreement provided that he

> waives the following rights, if the Court sentences within the statutory maximums of the statutes of conviction:
>
> . . .

> b. [the right] to challenge the conviction or sentence <u>or the manner in which it was determined</u> in any post-conviction proceeding, including any proceeding under Title 28, United States Code, Section 2255.
>
> Nothing in this paragraph, however will act as a bar to the defendant perfecting any legal remedies he may <u>otherwise</u> have [under recognized exceptions] on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct. The defendant agrees that there is currently no known evidence of ineffective assistance of counsel or prosecutorial misconduct.

ECF No. 7 at 4 (emphasis added). At the change of plea hearing held on December 16, 2014, this Court explained that the plea agreement contained a waiver of appellate and post-conviction review rights, and Busack stated that he had reviewed the plea agreement with his counsel before signing it, that his counsel had answered to his satisfaction all the questions he had about the agreement, and that he understood the waivers contained in the plea agreement. ECF Nos. 5, 30 at 9, 10, 15, 20. This Court found that Busack was competent to enter a plea of guilty, that his plea was freely and voluntarily made, and that Busack was aware of the consequences of his plea. ECF No. 30 at 39-40. Busack offers no evidence or argument to rebut this Court's earlier finding that he knowingly and voluntarily waived his rights to appeal or collaterally attack his conviction or sentence. <u>Blackledge v. Allison</u>, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity."). Thus, Busack's § 2255 waiver is enforceable and his ineffective assistance of counsel

6

claims are barred unless they bear on the validity of the plea agreement or the waiver itself.

Grounds One through Four of Busack's § 2255 motion deal with defense counsel's alleged conduct in investigating this case and preparing a defense, but do not deal with defense counsel's conduct in negotiating the plea agreement or in advising Busack regarding the plea agreement. Thus, they do not bear on the validity of the plea agreement or waiver. Similarly, Busack's motions to reduce his sentence are based on allegations that this Court miscalculated his sentence under the Guidelines, but have no bearing on the validity of the plea agreement or § 2255 waiver. Accordingly, those claims are barred.

Judge Seibert concluded that Grounds Five and Six of Busack's § 2255 motion are not barred under the § 2255 waiver because they deal with the alleged ineffectiveness of Busack's counsel at sentencing and at the later restitution hearing. Relying on the Fourth Circuit's holding in <u>United States v. Attar</u>, 38 F.3d 727 (4th Cir. 1994), the magistrate judge concluded that, just as with a waiver of appellate rights, a defendant's waiver cannot bar a claim of ineffective assistance of counsel during sentencing. <u>United States v. Attar</u>, 38 F.3d 727, 732 (4th Cir. 1994); <u>see also</u> <u>Lemaster</u>, 403 F.3d at 220 n.2 (noting that the court was not determining the scope of a § 2255 waiver, but that the court "see[s] no reason to distinguish between waivers of direct-appeal

7

rights and waivers of collateral-attack rights"). However, the Courts of Appeals that have considered this issue agree that a § 2255 waiver bars claims for ineffective assistance of counsel at sentencing, and that ineffective assistance claims are allowed only where they bear on the validity of the plea agreement or the waiver itself. See Williams, 396 F.3d at 1342; White, 307 F.3d at 343-44; Cockerham, 237 F.3d at 1187; Davila, 258 F.3d at 451; Garcia-Santos, 273 F.3d at 508-09; Mason, 211 F.3d at 1069-70. Further, the Fourth Circuit has refined its holding in Attar and explained that a waiver does not apply prospectively to "errors that the defendant[] could not have reasonably contemplated when the plea agreements were executed," for example, being sentenced without counsel or being subject to an unauthorized restitution order. United States v. Blick, 408 F.3d 162, 172 (4th Cir. 2005). Busack does not allege that he was wholly deprived of counsel at sentencing or that this Court imposed an unauthorized sentence. He could reasonably have contemplated when executing the plea agreement that his counsel's conduct at sentencing would not meet his expectations. Thus, this Court finds that Busack's ineffective assistance of counsel claims set out as Grounds Five and Six of his § 2255 motion are barred under his § 2255 waiver.

Further, even if Attar exempts from a § 2255 waiver claim of ineffective assistance at sentencing, Busack's claims fail. "[A] movant seeing collateral relief from his conviction or sentence

8

through an ineffective assistance claim must show (1) that his counsel's performance was deficient[,] and (2) that the deficiency prejudiced his defense." United States v. Basham, 789 F.3d 358, 371 (4th Cir. 2015) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)).  Counsel's performance was deficient if "counsel's representation fell below an objective standard of reasonableness . . . under prevailing professional norms." Strickland, 466 U.S. at 688.  There is a "strong presumption that counsel's representation was within the wide range of reasonable professional assistance."  Harrington v. Richter, 562 U.S. 86, 104 (2011) (internal quotation marks omitted).  "The Strickland standard is difficult to satisfy, in that the 'Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight.'"  Basham, 789 F.3d at 371 (quoting Yarborough v. Gentry, 540 U.S. 1, 8 (2003)).  To show prejudice, "[t]he movant must demonstrate 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.'"  Id. (quoting Strickland, 466 U.S. at 694).

Busack alleges that his counsel was ineffective because he failed to adequately prepare Busack for sentencing, that he failed to adequately challenge the government's restitution calculations, and that he had substitute counsel fill in for him at the post-

9

sentencing restitution hearing. However, Busack's counsel vigorously litigated all aspects of sentencing and restitution prior to sentencing and at the sentencing hearing. He filed objections to the Presentence Investigation Report regarding the victim's losses. He also filed two, lengthy sentencing memoranda challenging the government's evidence regarding the amount of restitution owed, and presenting evidence purporting to show that Busack had repaid some of the victims and challenging the basis for the government's calculation of the amount owed to the IRS. See ECF Nos. 33, 41. These arguments appear to have been ultimately successful, as the parties' arguments culminated in an agreement on the amount of restitution owed that was significantly lower than that initially asserted by the government. ECF No. 55, 88 at 4. Clearly, Busack's counsel provided competent representation and delivered a favorable result. Further, Busack was not deprived of competent counsel at the restitution hearing. While his counsel's partner filled in at the restitution hearing, his counsel had fully resolved all restitution issues prior to the hearing, and the hearing served only to allow this Court to impose the final restitution amount agreed upon by Busack and the government. Thus, even if Busack's ineffective assistance claims for conduct occurring after he executed the plea agreement are not barred by his § 2255 waiver, those claims fail as a matter of law.

C. <u>Certificate of Appealability</u>

Rule 11(a) of the Rules Governing § 2254 and § 2255 cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in such cases. This memorandum opinion and order is a final order adverse to the petitioner in a case in which 28 U.S.C. § 2253(c)(1) requires issuance of a certificate of appealability to take an appeal.

This Court finds that it is inappropriate to issue a certificate of appealability in this matter. Specifically, this Court finds that Busack fails to make a "substantial showing of the denial of a constitutional right." <u>See</u> 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. <u>See</u> <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003). This Court concludes that, based on the consensus of the Courts of Appeals as to the scope of § 2255 waivers, reasonable jurists would not find this Court's ruling to be debatable. Accordingly, Busack is DENIED a certificate of appealability by this district court. Busack may, however, request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue a certificate of appealability.

IV. Conclusion

For the reasons set forth above, the magistrate judge's report and recommendation (ECF No. 10/130) is AFFIRMED AND ADOPTED. Accordingly, Busack's § 2255 motion (ECF Nos. 1/63, 6/70) is DENIED, Busack's motions to reduce his sentence (ECF Nos. 79, 84) are DENIED, Busack's objections to the report and recommendation (ECF No. 132) are OVERRULED, and Busack's motion for leave to file an exhibit (ECF No. 97) is DENIED AS MOOT. It is ORDERED that this civil action be DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of this order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: December 27, 2016

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE